**KAPCO MFG. CO., INC., Plaintiff,**

v.

**C & O ENTERPRISES, INC., et al., Defendants.**

**No. 85 C 7070.**

United States District Court,
N.D. Illinois, E.D.

Sept. 13, 1985.

### MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Presently pending before this Court is the motion of certain defendants to transfer the case of *Kapco Manufacturing Co., Inc. v. C & O Enterprises, Inc. et al.,* Case No. 85 C 7070 (N.D.Ill., J. Parsons) (*"Kapco II"*), to the Executive Committee of this district for reassignment as a related case to *Kapco Manufacturing Co., Inc. v. C & O Enterprises, Inc. et al.,* Case No. 84 C 10129 (N.D.Ill., J. Rovner) (*"Kapco I"*),

pursuant to Local Rule 2.31. This Court has examined the complaint in *Kapco II* and agrees with defendants' contention that "the allegations of misconduct by [defendants] that underlie *Kapco II* exactly parallel the allegations that formed the basis of [plaintiff Kapco Manufacturing Co.'s ("Kapco")] ill-fated attempt to reinstate *Kapco I*." (Defendants' Motion to Transfer at 3, ¶ 10.) *See Kapco Manufacturing Co. v. C & O Enterprises, Inc.*, 605 F.Supp. 253, 256–57 (N.D.Ill.1985).

Kapco's only argument that *Kapco II* should not be transferred as related to *Kapco I* is that *Kapco I* is no longer "pending" as required by Local Rule 2.31B(1) of the United States District Court for the Northern District of Illinois. Kapco contends that because *Kapco I* was dismissed when the case was settled, it is no longer "pending." That argument is without merit for several reasons. First, and most importantly, this Court specifically retained jurisdiction in *Kapco I* to enforce the settlement agreement, and *Kapco II* is based in principal part on Kapco's contention that the defendants breached the settlement agreement. Although Local Rule 2.31B(1) establishes that both cases must be "pending" before they may be deemed related, it is not a jurisdictional statute which confers or divests a court of subject matter jurisdiction. Nor does it define "pending."

Second, Kapco itself has recognized that this Court has jurisdiction over its allegations that defendants have breached the settlement agreement by filing a flurry of motions in this Court after the case was settled on December 20, 1984, including motions: to reinstate the case; for a declaration that the defendants have breached the settlement agreement; for entry of a temporary restraining order or a preliminary injunction; for leave to take discovery; for reconsideration; to disqualify counsel for certain defendants; and for a rule to show cause why certain defendants should not be held in contempt of court. Some of these motions are still pending and awaiting a decision. In addition, Kapco has expanded its war against the defendants to two fronts. Kapco has filed an appeal from certain decisions entered in *Kapco I*, which appeal is still pending in the Seventh Circuit, along with several motions, including one more motion to disqualify counsel for certain defendants.

This Court will not permit Kapco to fight its war against defendants on yet another front by filing a new complaint based essentially on the same conduct and allegations in the district court to be considered by another judge. Principles of judicial economy and procedural fairness to the defendants mandate that one judge consider all the issues between the parties at one time, thereby avoiding piecemeal litigation and the danger of inconsistent results. Although this Court appreciates Kapco's interest in seeking a more favorable forum, that is not an interest protected by the Federal Rules of Civil Procedure or by the local rules of this district.

Indeed, the circumstances presented by the *Kapco* cases are directly analogous to those confronted by this very Court in *Suburban O'Hare Commission v. Dole*, 603 F.Supp. 1013 (N.D.Ill.1985). In *Suburban O'Hare*, plaintiff filed a new complaint in this Court alleging, *inter alia*, that the defendants had violated a consent decree entered in a previous case by Judge Roszkowski. In holding that if plaintiff was in fact interested in enforcing the Consent Decree, as it claimed, it should have sought such relief before Judge Roszkowski, this Court stated:

[I]nsistence on the proper procedure is not trivial. First, Judge Roszkowski, the judge who entered the Consent Decree and who was familiar with the progress of the *Illinois v. Butterfield* litigation to that point, should have been given the opportunity to retain it. Judicial economy dictates such a result as this Court was forced to search through three containers of court files from the federal warehouse of this district to familiarize itself with the case. Second, this Court hesitates to establish a precedent of allowing the procedure adopted by Suburban O'Hare to be followed in the future.

Because this Court and others in this District are burdened with literally hundreds of cases, it is both wasteful and counter-productive to file a new complaint whenever enforcement of a previously-entered consent decree in another case is sought.

603 F.Supp. at 1026 (footnotes omitted). This Court will not permit plaintiff here to accomplish that which it admonished plaintiff in *Suburban O'Hare* not to do. Kapco should seek relief regarding the settlement agreement in this Court, not elsewhere.

Finally, this Court has consulted with Judge Parsons, to whom *Kapco II* had been assigned at random, as permitted by Local Rule 2.31D. Judge Parsons concurs fully that *Kapco II* should be reassigned to this Court as related to *Kapco I.*

Accordingly, under the unique circumstances presented here, this Court holds that *Kapco I* is still "pending" within the meaning of Local Rule 2.31B(1). The Court finds that *Kapco II* is related to *Kapco I* and directs that a copy of this finding be forwarded to the Executive Committee together with a request that the Executive Committee enter an appropriate order reassigning *Kapco II* to the calendar of this Court as related to *Kapco I.* It is so ordered.